FILED
SUPERIOR COURT
OF GUAM

2021 DEC 15 PM 12: 03

CLERK OF COURT

By:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM,<br><br>                      Plaintiff,<br><br>      vs.<br>ANTHONY DUENAS SANTOS<br><br>                Defendant. | S.C. Case No. CF0576-99<br><br>**DECISION AND ORDER ON INMATE'S EX PARTE MOTION TO COMPEL ATTORNEY TO PRODUCE CLIENT'S FILE, EXPARTE MOTION TO PRODUCE PORTION OF CLERK'S RECORD, AND MOTION FOR RELIEF COMPELLING ATTORNEY PURSUANT TO GRCP AND FRCP RULE (B)(111)(IV), RULE 34, AND RULE 60(B)(6)** |

## INTRODUCTION

This matter came before the Honorable Alberto E. Tolentino on May 28, 2021 via a *pro se* motion inmate Anthony Duenas Santos filed with the Court. The People ("People") are represented by Assistant Attorney General David Rivera. Inmate Anthony Duenas Santos ("Inmate") is *pro se*. Having considered the arguments and the applicable law, the Court hereby **DENIES** Inmate's *Ex Parte* Motion to Compel Attorney to Produce Client's File, Inmate's *Ex Parte* Motion to Produce Portion of Clerk's Record, and Inmate's Motion for Relief Compelling Attorney Pursuant to GRCP and FRCP Rule 26(B)(111)(IV), Rule 34, and Rule 60(B)(6).

# BACKGROUND

These motions were filed in Inmate's former criminal case, CF0576-99. A jury convicted Inmate of Aggravated Murder on May 23, 2000. The Supreme Court of Guam affirmed the Aggravated Murder conviction in *The People of Guam v. Anthony Santos*, 2003 Guam 1, filed on January 3, 2003. This criminal case is closed. On May 24, 2021, Inmate mailed an *ex parte* motion to the Court. *See Ex Parte* Mot. to Compel Attorney to Produce Client's File, May 24, 2021. Inmate sought an order against his former trial attorney, Rawlen Mantanona, and former appellate attorney, David Highsmith, compelling them to turnover their files and casework on Inmate's case. *Id.* Inmate intends to use these documents to prepare a *Writ of Habeas Corpus. Id.* On May 24, 2021, Inmate also mailed to the Court an *ex parte* motion to produce portion of clerk's record. *See* Inmate's *Ex Parte* Mot. to Produce Portion of Clerk's Record, May 24, 2021. On June 28, 2021, Inmate mailed a motion for relief to the Office of the Attorney General, requesting the People aid Inmate in obtaining the files and casework in his former attorneys' possession, and the People responded with an opposition. *See* Inmate's Motion for Relief Compelling Attorney Pursuant to GRCP and FRCP Rule 26(B)(111)(IV), Rule 34, and Rule 60(B)(6), June 28, 2021; *see* Opp. to Inmate's Mot. for Relief, Aug. 25, 2021. On August 29, 2021, Inmate mailed to the Court Response to People's Attorney's Opposition. *See* Rep. to People's Attorney's Opp., Aug. 29, 2021. Inmate did not request oral arguments pursuant to Local Rules of the Superior Court of Guam ("CVR"), 7.1(e)(2). The Court exercises its discretion and has determined that oral arguments on these motion is not necessary. CVR 7.1(e)(1).

# DISCUSSION

A. **The relief that Inmate seeks is civil relief—not criminal relief—and a motion to compel former attorneys to produce a client's file is not the proper way to obtain the documents in Inmate's former attorney's possession.**

Inmate is correct that under Guam Rules of Professional Conduct 1.16(d) counsel his former attorneys must return to him the files and casework related to his case in their possession. GRPC 1.16(d). However, an order directing an attorney turn over files and casework is generally pursued as an alternative mandate that commands the party to perform a specified act or to show cause to the Court why this was not done. *See* 7 GCA Chapters 30 and 31. Therefore, Inmate improperly files this motion with his former criminal case. The appropriate remedy is a civil special proceeding, or a civil suit. Furthermore, there is a final judgment in Inmate's criminal case and this case is a closed matter. As Inmate cannot obtain an order to produce documents via an *ex parte* motion to compel attorney to produce client's file on a closed criminal case, the Court denies this motion.

## B. A motion to produce portion of Clerk's record is not the appropriate way to obtain records from the Clerk's Office.

Inmate cites to CVR 26 as grounds for the Court to order the Clerk to produce a portion of the record. CVR 26 governs discovery and the duty of disclosure between parties to an action. CVR 26.2. It does not govern discovery in closed criminal cases and, even if it did, the Clerk is not a party to this case. Accordingly, Inmate's motion is not the appropriate remedy for procuring documents from the Clerk. The Court does not have the authority to order the Clerk to produce these records. Inmate may directly contact the Clerk's Office to obtain the portions of the record his seeks.

## C. The People are unable to assist Inmate in procuring the documents he seeks.

The Office of the Attorney General and the Government of Guam do not have custody and control over Inmate's former attorneys' files and casework. No relief is sought against the Office of the Attorney General or the Government of Guam in the pleadings filed by Inmate, which Inmate served on the Office of the Attorney General. Likewise, there is no personal

jurisdiction over the Office of the Attorney General and the Government of Guam. As the People do not have the authority to turn over the documents Inmate seeks, the Court denies Inmate's Motion for Relief Compelling Attorney Pursuant to GRCP and FRCP Rule 26(B)(111)(IV), Rule 34, and Rule 60(B)(6).

## CONCLUSION AND ORDER

For the above reasons, the Court **DENIES** Inmate's *Ex Parte* Motion to Compel Attorney to Produce Client's File, *Ex Parte* Motion to Produce Portion of Clerk's Record, and Motion for Relief Compelling Attorney Pursuant to GRCP and FRCP Rule 26(B)(111)(IV), Rule 34, and Rule 60(B)(6) with leave for Inmate to properly file and to serve the true real parties in interest, which are his former attorneys.

SO ORDERED, this __15__ day of December 2021.



HONORABLE ALBERTO E. TOLENTINO
Judge, Superior Court of Guam